**Winget | Spadafora | Schwartzberg | LLP**

NEW YORK:
45 Broadway
32nd Floor
New York, NY 10006

P (212) 221-6900
F (212) 221-6989
Katz.H@wssllp.com

November 4, 2024

**VIA EMAIL AND ECF**
Hon. Analisa Torres
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
(Torres_NYSDChambers@nysd.uscourts.gov)

    Re:    Matter:    Baring Industries, Inc. v. Rosen, et al.
            Docket No.:  24-cv-05606-AT

Dear Judge Torres,

    Our office represents the Defendants, Michael Noonan and Jared Rosen (collectively, the "Defendants"), in the above-referenced action. In accordance with Your Honor's Individual Practices, Section III. ("Motions") A. ("Pre-Motion Letters in Civil Cases") and B. ("Special Rules for Motions to Dismiss"), we previously wrote to Plaintiff's counsel on October 18, 2024, setting forth certain pleading deficiencies in the Complaint, and to advise of Defendants' intention to file a motion to dismiss the Complaint, pursuant to Fed. R. Civ. Pro. 12(b), for failure to name a non-diverse necessary and indispensable party and the Court's resulting lack of subject matter jurisdiction (the "first pre-motion letter"). Plaintiff sent us a response to the first pre-motion letter on October 25, 2024 (the "response letter"). We now write, pursuant to Your Honor's Individual Practices, to provide the Court with the basis for the anticipated motion to dismiss and to request a briefing schedule (the "second pre-motion letter").

    According to the Complaint, Baring Industries, Inc. ("Baring"), alleges that it "retained attorneys J. Rosen and M. Noonan to represent it in an action to foreclose on the lien ('the underlying litigation')." Complaint, "Introduction", p. 1. Baring claims that it was caused to suffer damages as a result of the defendants' actions, **including "legal fees paid to [Defendants'] law firm."** *Id*., ¶¶ 41, 47 (emphasis added). Yet, Baring did not name as a defendant in this action the actual law firm, Rosen Law LLC, that it engaged, signed a retainer agreement with, and paid to represent it in the underlying litigation. Instead, apparently in an attempt to allege diversity jurisdiction pursuant to 28 U.S.C. §1332, Baring only named individually two of the individual attorneys that work for Rosen Law LLC, failing to name Rosen Law LLC, the party that Baring actually contracted with, as that would have defeated diversity, because Plaintiff's principal place of business is located in Florida, and Gary Rosen, Esq., a principal and member of Rosen Law LLC, is a citizen and resident of the State of Florida. It is indisputable that Defendants Rosen and Noonan only performed legal work in relation to the underlying litigation within the scope of their employment with Rosen Law LLC. It appears that Baring intentionally did not name Rosen Law LLC as a defendant, instead only naming individually two of its employees that are citizens of and

Hon. Analisa Torres
November 4, 2024
Page 2 of 4

reside in the State of New York, in an attempt to improperly manufacture diversity jurisdiction, which, in reality, does not exist. It is respectfully submitted that Plaintiff's failure to name Rosen Law LLC as a defendant warrants dismissal of the Complaint and the imposition of sanctions pursuant to Fed.R.Civ.P. 11. It is a fact that adding Rosen Law LLC as a party would destroy diversity and thus prohibit the United States District Court, Southern District of New York, from having subject matter jurisdiction over this action. Two members of Rosen Law LLC are citizens of and domiciled in the State of Florida, and one member of Rosen Law LLC, Defendant Jared Rosen, is a citizen of and domiciled in the State of New York. Because Baring is a citizen of and domiciled in the State of Florida, and because certain members of Rosen Law LLC are citizens of and domiciled in the State of Florida, adding Rosen Law LLC would defeat diversity jurisdiction in the United States District Court, Southern District of New York, as diversity is not complete if any plaintiff is a citizen of the same state as any defendant. *See Stevens & Co., LLC v Espat*, No. 24-CV-5223 (LJL), 2024 WL 3551158, at *1 (S.D.N.Y. July 26, 2024), citing *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005).

Aside from the written engagement agreement between Baring and Rosen Law LLC, the documents that Baring annexes to the Complaint clearly demonstrate that Rosen Law LLC represented Baring in the underlying litigation, and that Jared Rosen and Michael Noonan did not represent Baring in their individual capacity, but only as employees of, and/or as a member of Rosen Law LLC. In this regard, as indicated on the second page of the Second Circuit's Summary Order, which is annexed to the Complaint as "Exhibit B", "Gary Rosen, Rosen Law LLC" is listed as the attorney of record for Baring on the appeal. Tellingly, however, Plaintiff fails to mention the law firm, Rosen Law LLC by name anywhere in the Complaint, alleging instead that this Court has jurisdiction over the parties as there is "complete diversity" based upon the fact that J. Rosen and M. Noonan are citizens of New York. Complaint, ¶¶ 2-3, 6. It is respectfully submitted that this is disingenuous and improper and subject to Fed.R.Civ.P. Rule 11. Rosen Law LLC, with whom Plaintiff contracted with to represent Plaintiff, is clearly a necessary non-diverse party.

Because Baring is a corporation, for diversity purposes, Baring is domiciled in both the place of its incorporation and its principal place of business. 28 U.S.C. 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"); *see also, Israel v. Carpenter,* No. 95 CIV. 2703 (DAB), 1995 WL 640534, at *3 (S.D.N.Y. Oct. 31, 1995) ("[f]or purposes of diversity, a corporation is domiciled in both the state of incorporation and the state where it has its principal place of business"). As such, Baring is domiciled in both Nevada (where it alleges to have been incorporated) and Florida (where it alleges to have its principal place of business). Complaint ¶ 1. As explained below, Rosen Law, LLC, is also domiciled in Florida, as two of its members including Gary Rosen, Esq., are domiciled in Florida.

"A limited liability company is a citizen of every state of which any of its members is a citizen." *Krause v. Forez Exchange Market, Inc.*, 356 F. Supp. 2d 332 (S.D.N.Y. 2005). "[W]hether federal diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced." *Odeon Capital Grp., LLC v. Ackerman*, 149 F. Supp.3d 480 (S.D.N.Y. 2016). An LLC "is completely diverse from opposing parties only if all of the members of the LLC are citizens of different states than all opposing parties." *Dumann*

Winget | Spadafora | Schwartzberg LLP

Hon. Analisa Torres
November 4, 2024
Page 3 of 4

*Realty, LLC v. Faust*, No. 21-CV-1112 (BMC), 2021 WL 878558 at *1 (E.D.N.Y. Mar. 9, 2021). "[A] person's citizenship is determined by his domicile at the time the complaint was filed." *Velez*, 2021 WL 1625411, at* 2 (S.D.N.Y. 2021). "Domicile requires the party's physical presence in the state and the intent to remain there indefinitely." *Id*. Here, it is without question that Gary Rosen, a member of Rosen Law LLC, is a citizen of and domiciled in Florida, since he has resided in and voted in Florida since 2008 and is homesteaded in the State of Florida, and intends to remain in Florida, among other reasons.

Moreover, Rosen Law LLC, is clearly a necessary and indispensable party to this litigation – without which this action cannot proceed. "Pursuant to Rule 19(a), a person should be joined if: (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of this action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Mason, Perrin & Kanovsky*, 709 F. Supp. 411, 413 (S.D.N.Y. 1989); *see also Baldwin v. Interscope Recs., Inc.*, No. 19-CV-8923 (JGK), 2021 WL 847976, at *4 (S.D.N.Y. Mar. 4, 2021) ("To determine whether [the proposed party to be joined] is a required party, the Court must consider whether complete relief can be accorded among existing parties in her absence, Fed. R. Civ. P. 19(a)(1)(A), and whether the proceeding could 'impair or impede' [that party's] interests or leave an existing party subject to a 'substantial risk' of inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(B)(i)-(ii)").

Here, Rosen Law LLC, the law firm Baring retained to represent it in the underlying litigation, has a substantial interest in this action. Indeed, any finding that Jared Rosen or Michael Noonan was negligent (which is expressly denied)[1] could significantly prejudice Rosen Law LLC if a subsequent action were brought against it, since Jared Rosen and Michael Noonan were working as attorneys for Rosen Law LLC in connection with the underlying litigation at all relevant times. Further, as mentioned, Plaintiff asserts in the Complaint that it is suing to recover attorneys' fees paid to Defendants' law firm (i.e., Rosen Law, LLC). *See* Complaint, ¶¶ 41 and 47. Since Plaintiff is suing to recover fees paid to Rosen Law, LLC (as opposed to the individual Defendants), it goes without saying that Rosen Law, LLC is a necessary and indispensable party, warranting dismissal from federal court of this action for lack of subject matter jurisdiction. *See Travelers Indem. Co. v, Household Intern., Inc.*, 775 F.Supp. 518 (D. Conn. 1991) ("a contracting party is the paradigm of an indispensable party."); *Haiying Xi v. Shengchun Lu*, 428 F.Supp.2d 339 (E.D. Pa. 2006) (dismissing case after concluding that a co-signer of the contract was an indispensable party who could not be dropped to preserve diversity jurisdiction).

In *Travelers Indem. Co., supra*, the Court stated that "[t]he court's research has failed to find any case on similar facts that has held that a party to a contract is not an indispensable party." In fact, federal courts have routinely found that a contracting party is the paradigm of an

---

[1] The Defendants expressly deny all allegations of wrongdoing asserted against them and expressly deny all of Plaintiff's claims.

Winget | Spadafora | Schwartzberg | LLP

Hon. Analisa Torres
November 4, 2024
Page 4 of 4

indispensable party. *See Cloverleaf Standardbred Owners Ass'n, Inc. v. National Bank of Washington,* 226 App. D.C. 122, 699 F.2d 1274, 1279-80 (D.C. Cir. 1983) (district court did not abuse its discretion in dismissing action against bank in which third party with whom the contract was made had deposited funds, as the obligation of the third party was centrally at issue in the action and the third party was indispensable but joinder would destroy diversity jurisdiction); *Ward v. Deavers,* 203 F.2d 72, 75 (D.C. Cir. 1953) (final judgment reversed because party to contract deemed indispensable was not joined); *Japan Petroleum Co. (Nigeria) Ltd. v. Ashland Oil Inc.,* 456 F. Supp. 831, 836 n. 7 (D. Del. 1978) (if the "rights sued upon arise from a contract, all parties to the contract must be joined"); *Jacobsen v. Luckenbach Steamship Co.,* 201 F. Supp. 883, 889 (D. Or. 1961) ("all parties [to a contract] are deemed indispensable and should be joined").[2]

Here, Baring cannot establish complete diversity since Baring is domiciled in Florida, where members of Rosen Law LLC are also domiciled.  *See Rubler v. Unum Provident Corp.*, No. 04-CV-7102, 2007 WL 188024 (S.D.N.Y. 2007) (rejecting the parties' attempt to manufacture diversity jurisdiction), citing *Brankston v. Burch*, 27 F.3d 164 (5th Cir. 1994) ("parties may not manufacture diversity jurisdiction by failing to join a non-diverse indispensable party"); *Johnson v. Price*, 191 F.Supp.2d 626 (D.Md. 2001) ("Court may not allow [a party] to determine, merely by choosing whether or not to execute a waiver, whether the Court has diversity jurisdiction").

Based on the foregoing, it is respectfully submitted that this action must be dismissed for lack of diversity jurisdiction and lack of federal subject matter jurisdiction, and any attempt to amend the Complaint to resolve the foregoing deficiencies would be futile.  We further respectfully request that Your Honor order a briefing schedule for the motion.  We thank Your Honor for your attention and consideration of this matter.

                                                Respectfully submitted,

                                                *Harris B. Katz*
                                                Harris B. Katz

---

[2] While Plaintiff argued in part in its response letter that Rosen Law LLC is not an indispensable party because Plaintiff has only asserted a claim against the individual Defendants for legal malpractice (and not for breach of contract), this is irrelevant and cannot change the fact that Rosen Law LLC is a necessary and indispensable party to this case.  Again, any legal malpractice claim (regardless of whether it is labeled as a negligence claim or breach of contract claim) clearly arises out of the individual Defendants' employment with Rosen Law, LLC and Rosen Law LLC's engagement agreement with Plaintiff and thus, regardless of how the claim is labeled, it raises the same concern noted above if a subsequent action were brought against Rosen Law, LLC (i.e. that a party may attempt to impute any findings from this case against Rosen Law LLC).  Moreover, under New York law, legal malpractice claims and breach of contract claims against lawyers and law firms are routinely found to be duplicative of one another and not to be distinct claims.  *See, e.g., Calcutti v. SBU, Inc.*, 224 F. Supp. 2d 691, 701 (S.D.N.Y. 2002) ("[w]hen there is no specific promise in the contract that plaintiff claims defendant breached, the breach of contract claim is a 'redundant pleading of a malpractice claim' and should be dismissed").  Simply put, Rosen Law is clearly a necessary and indispensable party to this action, regardless of how Plaintiff labels its claim, and Plaintiff cannot improperly manufacture diversity by ignoring the actual parties to the engagement agreement related to the underlying legal representation at issue.

Winget | Spadafora | Schwartzberg | LLP