# CONRAD &S SCHERER
## TRIAL LAWYERS

Irwin R. Gilbert
(954) 847-3328 Direct Line
IGilbert@conradscherer.com
614 South Federal Highway
Fort Lauderdale, FL 33301

November 12, 2024

**VIA EMAIL**
Hon. Analisa Torres
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
(Torres_NYSDChambers@nysd.uscourts.gov)

    Re: Matter:  **Baring Industries, Inc. v. Rosen, et al. -**
    Docket No.:  **24-cv-05606-AT**

Dear Judge Torres,

  Our office represents the Plaintiff in this matter, Baring Industries, Inc. ("Baring"). In accordance with Your Honor's Individual Practices, Section III. ("Motions") A. ("Pre-Motion Letters in Civil Cases") and B. ("Special Rules for Motions to Dismiss"), Defendants previously submitted their first pre-motion letter ("first letter") on October 18, 2024, contending that the Complaint should be dismissed under Fed. R. Civ. P. 12(b) due to lack of subject matter diversity jurisdiction for failure to name a non-diverse "necessary and indispensable party." On October 25, 2024, Plaintiff responded to Defendant's first letter, addressing each point of contention made by Defendants. On November 4, 2024, Defendants submitted their second pre-motion letter (second letter), making largely the same arguments as their first letter. In kind, and in accordance with the Court's Individual Practices, we now write in response to Defendants' second letter to address these points before the Court.

  As outlined in the well-pled Complaint in this matter, the United States District Court for the Southern District of New York has jurisdiction over the parties pursuant to Title 28 of the United States Code §1332(a), as there is complete diversity amongst the Plaintiff and the Defendants, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. At the time of the commencement of this action and at all times material hereto, Plaintiff Baring was and is a foreign business corporation organized and incorporated in, and existing under the laws of, the State of Nevada, with its principal place of business located at 3249 S.W. 42nd Street, Fort Lauderdale, Florida 33312, as confirmed by the listing with the Nevada Secretary of

Established 1974 | Rex Conrad 1935-1999 | William R. Scherer
Fort Lauderdale, FL | Brevard, NC | Quito, Ecuador | New York, NY

State attached hereto as **Exhibit "A"** and the listing with the Florida Secretary of State attached hereto as **Exhibit "B."** As such, Baring's citizenship lies in both Nevada and Florida. Defendant Jared Rosen resides in New York County, New York, and is a citizen of the state of New York. Defendant Michael Noonan resides in New York County, New York, and is a citizen of the state of New York. **No Plaintiff holds the same citizenship as any Defendant.**

Defendants, in their second letter, again take the position that Baring has failed to join as a defendant an indispensable party in the form of Rosen Law, LLC ("Rosen Law"), and that because the inclusion of Rosen Law would defeat diversity jurisdiction, the action should be dismissed. Plaintiff respectfully submits that Defendants' second letter relies upon a number of incorrect interpretations of applicable law. Since Defendants do not appear to contend that diversity jurisdiction would be improper if Rosen Law were *not* joined as a party, this letter will serve to elucidate why Rosen Law is not an indispensable party to this action.

The Complaint in this action asserts common law *tort* claims for professional negligence against Jared Rosen and Michael Noonan. Baring has not pled any flavor of breach of contract in its Complaint. Reviewing Courts in New York have held that a legal duty independent of contractual obligations may be imposed by law as an incident to the parties' relationship and that several types of defendants—including professionals—can be held liable in tort for failure to exercise reasonable care, **irrespective of their contractual duties.** In certain circumstances, this independent duty has been imposed based on the nature of the services performed and the defendant's relationship with its customer. *Sommer v. Federal Signal Corp.,* 79 N.Y.2d 540, 551 ("**Professionals**, common carriers and bailees, for example, may be subject to tort liability for failure to exercise reasonable care, irrespective of their contractual duties. In these instances, it is policy, not the parties' contract, that gives rise to a duty of due care.") (internal citations omitted, emphasis added). There is a significant public interest in holding attorneys to a standard of care, and the economic consequences of a gross error by an attorney can be catastrophic to a person or business.

In line with this reasoning, the *tort liability* of Rosen and Noonan does not arise out of their employment with Rosen Law, or out of Rosen Law's contract with Baring. Rather, Jared Rosen and Michael Noonan's liability arises out of the fact that distinct and respective attorney-client relationships, with corresponding duties owed, existed between Jared Rosen and Baring, and Michael Noonan and Baring. Defendants' contention that Rosen Law is an indispensable party by virtue of the fact they were a party to the contract with Baring for legal services is therefore erroneous. Likewise, all cases cited by Rosen in support of their argument that a party to a contract is indispensable party, predictably involve causes of action brought under a *breach of contract* theory, and are therefore flatly inapplicable. (*Travelers Indem. Co. v Household Intl., Inc.*, 775 F Supp 518, 519 [D Conn 1991]) ("This is a breach of contract action…") (*Haiying Xi v Shengchun Lu*, 428 F Supp 2d 339, 340 (ED Pa 2006) ("Plaintiff asserts that the conduct of Defendants gives rise to claims for common law conspiracy, **breach of contract,** and fraud.")(emphasis added) (*Cloverleaf Standardbred Owners Asso. v Natl. Bank of Washington*, 226 US App DC 122, 699 F2d 1274, 1275 [1983]) ("Cloverlef (sic) seeks satisfaction of its contract claim against Laurel") *Japan Petroleum Co. (Nigeria), Ltd. v Ashland Oil Co.*, 456 F



Supp 831, 834 (D Del 1978) ("The present case is an action for breach of a contract…"), *Jacobsen v Luckenbach S.S. Co*., 201 F Supp 883, 887 (D Or 1961) ("This was clearly a business contract between the parties involved.")

Likewise, Defendants' contention that Rosen Law must be joined because its rights or liabilities would be somehow be affected by or implicated in this litigation, is misplaced. Under Fed. R. Civ. P. 19, "[T]he mere fact the underlying litigation will affect or otherwise impact a [third]-party's interests does not mean the non-party is indispensable." *EEOC v. Cummins Power Generation, Inc*., 313 F.R.D. 93, 101–02 (D. Minn. 2015). "Nor is it enough for a third party to be adversely affected by the outcome of the litigation." *Id*. (quoting *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc*., 471 F.3d 377, 387 (2d Cir. 2006)). "Rather, necessary parties under Rule 19(a) are only those parties whose ability to protect their interests would be impaired **because of** that party's absence from the litigation.'" *Id.* (quoting *MasterCard*, 471 F.3d at 387) (alteration omitted). Thus, a third-party's interest in litigation is not impaired or impeded due to their absence if an existing party "has the same interest in establishing the facts that [the third-party] does." *Gwartz v. Jefferson Memorial Hosp. Ass'n*, 23 F.3d 1426, 1429 (8th Cir. 1994); *see also Estate of McFarlin ex rel. Laass v. City of Storm Lake*, 277 F.R.D. 384, 391 (N.D. Iowa 2011) (same), *Manufacturers Bank & Tr. Co. v. Lanesboro Sales Comm'n, Inc.,* 20-CV-2051-CJW-KEM, 2020 WL 5848939, at *3 (N.D. Iowa Oct. 1, 2020), *Merrill Lynch, Pierce, Fenner & Smith, Inc. v Flanders-Borden*, 11 F.4th 12, 17 (1st Cir 2021). The interests of the absent and existing parties need not even be "virtually identical." *Id,* citing *Bacardí Intl. Ltd. v V. Suárez & Co*., 719 F3d 1, 11 (1st Cir 2013). While not a named Defendant, Rosen Law's ability to protect its interests in the present action is not in any way impaired by its absence, as *two out of five of Rosen Law's attorneys* are parties to the present action. Not only does any legal defense asserted by Jared or Michael Noonan in this action inure to the benefit of Rosen Law; Rosen Law would need to establish the same facts on behalf of itself were it to be sued. The interests of Rosen Law and its individual constituent attorneys could not possibly be more closely aligned. Rosen Law LLC's "substantial interest in this action" is in fact the *same interest as the attorneys who have been named as Defendants.*

While not having been addressed directly by New York Courts, it is a prevailing precept of tort law that a law firm cannot be sued directly for legal malpractice, but may be vicariously liable for legal malpractice when individual attorneys are liable. *Carolina Cas. Ins. Co. v. Sharp*, 940 F. Supp. 2d 569, 576 n.9 (N.D. Ohio 2013), *Nat'l. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 122 Ohio St. 3d 594, 2009 Ohio 3601, 913 N.E.2d 939, 943, 945 (Ohio 2009). This is because a law firm itself does not have its own bar number or bar license, and therefore cannot itself practice law. *See JS Prods. v Standley Law Group, LLP,* 2010 US Dist LEXIS 101567, at *5 (SD Ohio Sep. 16, 2010, No. 09-cv-311). Rosen Law's liability, especially where only standard malpractice is alleged rather than "failure to supervise" - is therefore *derivative* of the liability of its constituent members, only further emphasizing the point that Rosen Law is not an indispensable party in and of itself.



Ultimately, appellate courts in New York have upheld, without stated limitation, the right of a Plaintiff to pursue a legal malpractice claim against an attorney individually, without any requirement to tether such a claim to one against the firm or partnership. *Liberty Assocs. v. Etkin*, 2010 NY Slip Op 225, ¶ 1, 69 A.D.3d 681, 682, 893 N.Y.S.2d 564, 565 (App. Div.) (holding that a Plaintiff was entitled to pursue a legal malpractice claim against a Defendant individually as a member of a law firm), *see also Fanelli v Adler*, 131 AD2d 631, 631-632, 516 NYS2d 716 [1987] ["injured party may bring an action against all or any of the partners in their individual capacities *or* against the partnership as an entity"](emphasis added); *Pedersen v Manitowoc Co.*, 25 NY2d 412, 255 NE2d 146, 306 NYS2d 903 [1969]; *Zuckerman v Antenucci*, 124 Misc 2d 971, 478 NYS2d 578 [1984]).

As damages, in a legal malpractice action, a Plaintiff is entitled to recover both counsel fees paid to the defendants for legal services performed negligently ("unearned fees"), and counsel fees incurred as a result of the malpractice. *Leach v. Bailly,* 2008 NY Slip Op 10095, ¶ 3, 57 A.D.3d 1286, 1289, 870 N.Y.S.2d 138, 140 (App. Div.), *see also Martin v. Yohay,* 149 A.D.2d 477, 480. While technically outside of the four corners of the Complaint, the undersigned notes that all legal fees paid to Jared Rosen and Michael Noonan were done so on an *itemized, hourly basis* according to services rendered by each respective timekeeper on the matter. Defendants' argument that such legal fees sought to be recovered as damages were somehow paid *to Defendants' law firm* is therefore disingenuous because, as noted *supra,* the *law firm as an entity* did not render legal services. The respective arrangement(s) for division of personal compensation, payment of overhead, and other matters between Jared Rosen and Michael Noonan, and the law firm with which they were employed, is of no consequence as to Baring's claims against Jared Rosen and Michael Noonan individually.

Based on the foregoing, Defendants' contentions that the action must be dismissed for lack of diversity jurisdiction and federal subject matter jurisdiction are without merit.

/s/ Irwin R. Gilbert
For the Firm

