```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/27/2025_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
BARING INDUSTRIES, INC.,

                Plaintiff,

-against-

JARED ROSEN, INDIVIDUALLY, and MICHAEL
J. NOONAN, INDIVIDUALLY,

                Defendants.

24 Civ. 5606 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Defendants, Jared Rosen and Michael J. Noonan, move to dismiss legal malpractice claims brought by Plaintiff, Baring Industries, Inc. ("Baring"), on the grounds that (1) Baring failed to join Defendants' law firm, Rosen Law LLC ("Rosen Law"), a necessary and indispensable party to this action, and (2) joining Rosen Law would destroy diversity jurisdiction. Mot., ECF No. 27; *see generally* Compl., ECF No. 1. Defendants' motion is DENIED.

## BACKGROUND

    Baring is a commercial kitchen designer and contractor incorporated in Nevada with its principal place of business in Fourt Lauderdale, Florida. Compl. at 1, ¶ 1. Baring contracted with a food business, DaDong Catering, LLC ("DaDong"), to supply and install commercial kitchen equipment in DaDong's rented space, which was located in a New York City building owned by 3BP Property Owner, LLC ("3BP"). *Id.* ¶ 9. DaDong failed to pay for the equipment, so Baring took out a mechanic's lien of $320,356.94 on the property. *Id.* ¶¶ 11–12. Baring also retained Rosen Law, Defendants' law firm, to represent it in connection with the lien. *Id.* ¶ 13. Defendants recommended that Baring bring a foreclosure suit against 3BP, which Baring instituted in the Southern District of New York. *Id.* ¶¶ 16–17.

3BP subsequently filed a counterclaim against Baring for willful exaggeration of a lien, asserting that because the kitchen equipment Baring provided was removable, it did not constitute fixtures and therefore was not the proper basis for a mechanic's lien. *Id.* ¶ 19. The district court granted summary judgment for 3BP, declared the mechanic's lien void, and held that 3BP was entitled to $320,356.94 in damages, in addition to attorneys' fees and costs. *Id.* ¶ 21; Judgment at 28, ECF No. 1-1. Baring appealed to the Second Circuit, which affirmed the judgment. Compl. ¶ 22; ECF No. 1-2 at 2.

In July 2024, Baring brought this diversity action, alleging legal malpractice/professional negligence against Defendants. Compl. ¶¶ 36–47. According to Baring, Defendants provided legal advice that was "contrary to clear and settled New York law" and exhibited "an egregious departure from the standard of care applicable to attorneys practicing law in the State of New York." *Id.* ¶¶ 32, 34. Before the Court is Defendants' motion to dismiss. Mot.; *see* Def. Mem., ECF No. 28; Pl. Mem., ECF No. 33; Def. Reply, ECF No. 34.

## DISCUSSION

Defendants ask the Court to dismiss Baring's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(7) for failure to join a necessary and indispensable party, as required by Rule 19. Def. Mem. at 1.

According to Defendants, their law firm, Rosen Law, is a necessary and indispensable party that must be joined in this action. *Id.* at 6–14. But, as Defendants point out, two of Rosen Law's members are domiciled in Florida, meaning that Rosen Law, as a limited liability company, is a citizen of Florida. Def. Mem. at 15–16; *see Carden v. Arkoma Assocs.*, 494 U.S 185, 195–96 (1990) (explaining that diversity jurisdiction depends on the citizenship of all of a business entity's members). Because Baring is also a citizen of Florida, Defendants argue, joining Rosen Law would destroy complete diversity, requiring the Court to dismiss the action. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d

48, 51–52 (2d Cir. 2000) (noting that for diversity jurisdiction to lie, "all of the adverse parties in a suit" must be "completely diverse with regard to citizenship" (quoting *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998))).

> A party is "necessary" under Rule 19(a) if:
>
> (1) in the [party]'s absence complete relief cannot be accorded among those already parties, or (2) the [party] claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the [party]'s ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 385 (2d Cir. 2006) (quoting Fed. R. Civ. P. 19(a)(1)). Such a party must be joined, if feasible. Fed. R. Civ. P. 19(a)(2). If joinder is not feasible for jurisdictional reasons or otherwise, a court must determine whether the party is "indispensable." *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 725 (2d Cir. 2000); Fed. R. Civ. P. 19(b). If it is, the court must dismiss the action. *Viacom*, 212 F.3d at 725; Fed. R. Civ. P. 19(b).

Accordingly, the Court must analyze whether Rosen Law is a necessary party to this action. "[T]he first prong of the Rule 19(a) inquiry focuses on whether the court can afford complete relief in the absence of the non-party." *Fed. Ins. Co. v. SafeNet, Inc.*, 758 F. Supp. 2d 251, 257 (S.D.N.Y. 2010). The second prong "turns on whether the non-party's absence will impair or impede its ability to protect its interests." *Id.* "It is not enough . . . for a third party to have an interest, even a very strong interest, in the litigation." *MasterCard*, 471 F.3d at 387. Rather, to satisfy this prong, the third party must possess an interest that would be impaired precisely because of its absence from the litigation. *Id.* For that reason, "[c]ourts often conclude that [a] suit will not impair or impede an absentee's interests if the absentee's interests are adequately represented by an existing party," in other words, "if there is another party in the suit with virtually identical interests who would be advancing virtually the same legal and factual positions." *SafeNet*, 758 F. Supp. 2d at 258 (quoting *Gibbs Wire & Steel Co. v. Johnson*, 255

F.R.D. 326, 329 (D. Conn. 2009)). The third prong hinges on whether the absence of the party in question would subject the lawsuit's existing parties to "inconsistent obligations," which occurs "when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Id.* (quoting *Gibbs Wire*, 255 F.R.D. at 329).

Defendants largely sidestep this three-prong inquiry, focusing instead on caselaw holding that "a party to a contract which is the subject of the litigation is considered a necessary party." Def. Mem. at 7 (quoting *Ryan v. Volpone Stamp Co.*, 107 F. Supp. 2d 369, 387 (S.D.N.Y. 1997)). The problem is that, as Baring observes, the parties' contract is not the subject of this litigation. Baring has not sued Defendants for breach of contract, and this action does not primarily concern the engagement agreement entered into between Baring and Rosen Law. Pl. Mem. at 3–4; *see* ECF No. 29-1 (the engagement letter). Rather, under New York law, Baring's malpractice claims sound in tort.[1] *See Ackerman v. Price Waterhouse*, 644 N.E.2d 1009, 1011–12 (N.Y. 1994). And although Rosen Law may also be liable for Baring's damages, it is a "long-standing principle of federal law" that "a plaintiff does not need to include all joint tortfeasors as defendants in a single lawsuit." *Nelligan ex rel. Est. of Proia v. Cmty. Gen. Hosp. of Sullivan Cnty.*, 240 F.R.D. 123, 125 (S.D.N.Y. 2007).

A review of Rule 19(a)'s requirements confirms that Rosen Law is not a necessary party to this action. As to the first prong of the test, Defendants argue that complete relief cannot be had among the existing parties to the lawsuit because Baring "seeks to recover legal fees that were paid to *Rosen Law* []—not the individual defendants." Def. Reply at 2 (emphasis in original). Baring does indeed request "disgorgement of attorneys' fees" and "the legal fees paid to M. Noonan and his law firm." Compl. ¶¶ 41, 47. However, under New York law, a "plaintiff['s] demand for the return of attorneys' fees [it]

---

[1] The parties both assume that their dispute is governed by New York law, so they have "implicitly consented" to its application. *Cambridge Cap. LLC v. Ruby Has LLC*, 565 F. Supp. 3d 420, 441 n.5 (S.D.N.Y. 2021).

4

paid to defendants is, essentially, a claim for monetary damages," even if the term "disgorgement" is used. *Access Point Med., LLC v. Mandell*, 963 N.Y.S.2d 44, 47 (App. Div. 2013); *see also Marcum LLP v. L'Abbate, Balkan, Colavita & Contini, L.L.P.*, 202 N.Y.S.3d 73, 75 (App. Div. 2023); *cf. Mecca v. Shang*, 258 A.D.2d 569, 570 (N.Y. App. Div. 1999) (dismissing a claim for "disgorgement of legal fees" because it was "predicated upon the same factual allegations" as a legal malpractice claim). Additionally, although Rosen Law surely has a substantial interest in the outcome of this proceeding, Defendants possess "virtually identical interests," so the law firm's absence would not cause it prejudice. *SafeNet*, 758 F. Supp. 2d at 258 (quoting *Gibbs Wire*, 255 F.R.D. at 329). Finally, Defendants fail to articulate how Rosen Law's absence could subject them or Baring to inconsistent obligations. *See id.* Accordingly, Rosen Law is a not a necessary party to this action.[2]

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 27.

SO ORDERED.

Dated: January 27, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] Because Rosen Law is not a necessary party, the Court need not determine whether it is indispensable under Rule 19(b). *See Viacom*, 212 F.3d at 724 ("If a party does not qualify as necessary under Rule 19(a), then the court need not decide whether its absence warrants dismissal under Rule 19(b).").