UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

BARING INDUSTRIES, INC.,

                         Plaintiff,

       -against-

JARED ROSEN, et al.,

                        Defendants.

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/10/2025

24-CV-05606 (AT)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge**:

Defendants filed a letter motion for extension of time to complete discovery. ECF No. 59. Plaintiff has not opposed the motion. The motion is GRANTED. The deadline to complete fact discovery is extended to September 28, 2025. The deadline to complete expert discovery is extended to October 30, 2025. These deadlines will not be extended again.

Plaintiff has filed three letter motions for discovery. ECF Nos. 54, 56, 64. Defendants have filed a letter motion for a conference. ECF No. 62. A discovery conference to address these motions is scheduled for Wednesday, July 23, 2025, at 10:30 a.m. in Courtroom 219, Thurgood Marshall Courthouse, 40 Foley Square, New York, New York.

Regarding the dispute over the schedule and location for depositions, the parties shall file a joint letter by July 14, 2025, confirming the dates of depositions and their locations. Plaintiff must produce employees of its company for depositions in New York and cannot require Defendants to bear the expense of traveling to various locations to depose these representatives. "[A]s a general rule, a plaintiff, having selected the forum in which the suit is brought, will be required to make himself or herself available for examination there." Estate of Gerasimenko v.

Cape Wind Trading Co., 272 F.R.D. 385, 387 (S.D.N.Y. 2011); see also Dubai Islamic Bank v. Citibank, N.A., No. 99-CV-1930 (RMB)(TH), 2002 WL 1159699, at *12 (S.D.N.Y. May 31, 2022) ("[A] plaintiff who brings suit in a particular forum should be prepared to send its agents to be deposed there."). A non-resident plaintiff who chooses the Southern District of New York as its forum must appear for a deposition in this forum "absent compelling circumstances." Clem v. Allied Van Lines Intern. Corp., 102 F.R.D. 938, 940 (S.D.N.Y. 1984). For the avoidance of doubt, Michael Fitzgibbon is deemed an employee of the company and shall be produced in the District, as well as Jim Turner. Grain D'OR LLC v. Wizman, No. 22-CV-10652 (LJL), 2023 WL 2162499, at *3 (S.D.N.Y. Feb. 22, 2023) ("[A]n officer, director, or managing agent cannot evade deposition by notice through the artifice of formally resigning an office.").

By contrast, Defendants and any non-party, generally, must be deposed in their district of residence or business, or the parties can jointly agree (or one party may seek leave of the Court) to conduct the deposition remotely via videoconference. See Fed. R. Civ. P. 30(b)(4). See also Glatt v. Fox Searchlight Pictures, Inc., No. 11-CV-6784 (WHP), 2012 WL 2108220, at *4 (S.D.N.Y. June 11, 2012) ("In determining the situs of a deposition, courts apply a presumption that a defendant or non-party witness shall be deposed in the district where the deponent resides or has a principal place of business.") (internal quotation marks omitted); Davis v. Farrell, No. 16-CV-4874 (ADS)(AYS), 2017 WL 2817051, at *2 (E.D.N.Y. June 29, 2017) (quoting Robert Smalls Inc. v. Hamilton, No. 09-CV-7171 (DAB)(JLC), 2010 WL 2541177, at *1 (S.D.N.Y. June 10, 2010)). The parties have agreed that Jennifer Hendrick and Jack Bowling, Plaintiff's former employees, can be deposed remotely. ECF Nos. 62, at 3; 64, at 4.

With respect to Donald Durward, Defendants shall file a two-page response letter addressing Plaintiff's arguments that his deposition would be improper under the apex doctrine.

      The Clerk of Court is requested to terminate the motions at ECF Nos. 59 and 64.

**SO ORDERED.**

                                                                                                             SARAH NETBURN
                                                                                                       United States Magistrate Judge

DATED:      July 10, 2025
               New York, New York