UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

BARING INDUSTRIES, INC.,

                                 **Plaintiff,**

      -against-

JARED ROSEN, et al.,

                                 **Defendants.**

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/25/2025

24-CV-05606 (AT)(SN)

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge**:

The parties appeared for a discovery conference on July 23, 2025. This Opinion & Order memorializes certain oral rulings and addresses matters that were left unresolved.

**Deposition Disputes.** At the conference, the parties agreed to conduct a limited, remote deposition of Donald Durward. The parties are ORDERED to file a letter by July 29, 2025, confirming the dates for all outstanding depositions. If the parties are unable to confirm a deposition schedule, the letter shall list each witness's availability, and the Court will order depositions to proceed on appropriate dates. The deadline to complete fact discovery is extended from September 28, 2025, to October 6, 2025, to accommodate the deposition of Michael Fitzgibbon. The deadline to complete expert discovery remains October 30, 2025.

**Motion to Strike.** As discussed on the record at the conference, Plaintiff's motion to strike four of Defendants' affirmative defenses is DENIED without prejudice. To the extent not already done, Plaintiff may serve targeted discovery demands seeking the production of documents that support Defendants' Seventh, Twelfth, and Thirteenth Affirmative Defenses.

**At-Issue Waiver of Attorney–Client Privilege.** Plaintiff filed a pre-motion letter in advance of filing a motion to quash subpoenas pursuant to Federal Rule of Civil Procedure 45(d)(3) or for a protective order under Federal Rule of Civil Procedure 26(c). ECF No. 54. The letter concerns notices of subpoenas served by Defendants on Conrad & Scherer LLP, Irwin R. Gilbert, Esq., and Irwin R. Gilbert, P.A. Defendants seek all documents related to communications between each subpoenaed party and the Plaintiff concerning the underlying litigation that is the subject of this legal malpractice claim. Plaintiff objects under the attorney–client privilege, claiming Defendants seek communications, work product, invoices, bills, and telephone records that may tend to reveal privileged communications. Defendants counter that Plaintiff has waived the privilege because it has placed the contents of the communications "at issue" by bringing this case.

During oral argument, counsel for both sides cited cases that they contend resolve this dispute in their favor, which the Court has further studied. The Court has thus determined that the subpoenas improperly invade the attorney–client privilege and must be quashed.

New York courts have defined "at issue" waiver of the attorney–client privilege as occurring "where a party affirmatively places the subject matter of its own privileged communication at issue in litigation, so that invasion of the privilege is required to determine the validity of a claim or defense of the party asserting the privilege." Deutsche Bank Tr. Co. of Americas v. Tri-Links Inv. Tr., 43 A.D.3d 56, 63 (1st Dep't 2007). This standard requires that the subject of the communications must be truly at issue, not merely relevant to a claim or defense. See Windsor Secs., LLC v. Arent Fox LLP, 273 F. Supp. 3d 512, 518 (S.D.N.Y. Aug. 11, 2017); Deutsche Bank Tr., 43 A.D. at 64 ("[T]hat a privileged communication contains information relevant to the issues … does not, without more, place the [] communication itself

'at issue' in the lawsuit; if that were the case, a privilege would have little effect."). Put another way, "a party must <u>rely</u> on privileged advice from his counsel to make his claim or defense." <u>In re County of Erie</u>, 546 F.3d 222, 229 (2d Cir. 2008) (emphasis in original); <u>Deutsche Bank Tr.</u>, 43 A.D.3d at 64 (finding at issue waiver when a party has asserted a claim that he intends to prove using privileged materials). If a party has never indicated an intent to use privileged documents to prove a claim or defense, and in fact expressly denies having such intent, there is no waiver. <u>Stock v. Schnader Harrison Segal & Lewis LLP</u>, 142 A.D.3d 210, 240 (1st Dep't 2016).

     Plaintiff has not put the subject of the communications sought by Defendants at issue in this litigation. Communications between Plaintiff and Mr. Gilbert or other attorneys at Conrad & Scherer LLP about the underlying litigation may be relevant to Plaintiff's malpractice claim. But Plaintiff does not rely on any of the information contained within the communications to prove its case. Plaintiff has in fact expressly disavowed any intent to prove its case using these communications.

     Defendants' other arguments are similarly unavailing. Just as the defendants in <u>Windsor</u> argued that plaintiffs put at issue what new counsel thought of the chances of success, Defendants in this case argue that Plaintiff put at issue Mr. Gilbert's thoughts of Plaintiff's chance of success on appeal. But Mr. Gilbert's thoughts or legal advice are not at issue in this legal malpractice case. The jury will determine whether Defendants breached their duty of care, which will likely be established by expert testimony, not by evidence of communications between Plaintiff and any other attorneys, including Mr. Gilbert. <u>See</u> <u>Windsor</u>, 273 F. Supp. 3d at 520.

Much of Defendants' argument at the discovery conference suggested that the communications are "at issue" because they will be relevant and helpful to the defense, namely because any evidence that Plaintiff relied on another attorney's legal advice instead of Defendants' legal advice undermines a claim of reliance. But this argument misconstrues the law. Importantly, the standards for at issue waiver require that *the party asserting the privilege* must have put the communications at issue. The fact that the communications may be relevant to the opposing party's claims or defenses is not dispositive. It is not "at issue" whether Plaintiff relied on Mr. Gilbert or any other counsel's legal advice. Mr. Gilbert or other attorneys "are not parties to this suit and are not the subject of any claim for contribution by defendants." Windsor, 273 F. Supp. 3d at 523. Under New York law, Plaintiff must establish that the defendant law firm was "a proximate cause of damages, but need not establish that it was the proximate cause. Id. (quoting Utica Cutlery Co. v. Hiscock & Barclay, LLP, 109 A.D. 3d 1161, 1162 (4th Dep't 2013) (emphases in original)).

Defendants argue there was a period of concurrent representation, where Defendants represented Plaintiff, but Plaintiff also sought advice from Mr. Gilbert and others. Mr. Gilbert denies this allegation. Regardless, any period of "concurrent" representation is governed by the same analysis. See Windsor, 273 F. Supp. 3d at 523. Invading the attorney–client privilege during a period of concurrent representation still requires that Plaintiff put the contents of those communications at issue in its legal malpractice suit.

Many of the cases cited by Defendants to support a finding of at issue waiver pre-date the Court of Appeals' decision in In re County of Erie, 546 F.3d 222 (2d Cir. 2008). In County of Erie, the Court of Appeals disavowed the approach in Hearn v. Rhay, 68 F.R.D. 574 (E.D. Wash. 1975), which had found that a party puts protected information "at issue" by making it relevant

to the case. The Court of Appeals rejected this notion, explaining, "[t]he Hearn test presumes that the information is relevant and should be disclosed and would open a great number of privileged communications to claims of at-issue waiver. Nowhere in the Hearn test is found the essential element of reliance on privileged advice in the assertion of the claim or defense in order to effect a waiver." In re County of Erie, 546 F.3d at 229. Cases cited by Defendant like Meskunas v. Auerbach, Goldberg v. Hirschberg, and IMO Indus., Inc. v. Anderson Kill & Olick, P.C. rely on an outdated articulation of the at issue waiver doctrine. Their application to this case is inappropriate.

The Court follows Windsor Securities and other similar cases to find that Plaintiff has not waived the protection of the attorney–client privilege or placed these communications "at issue" in the litigation. The motion to quash the subpoenas is GRANTED. For the avoidance of doubt, Plaintiff is therefore not required to provide a privilege log.

## CONCLUSION

The depositions shall proceed as directed by the Court, and the parties shall file a schedule by July 29, 2025. The motion to strike certain affirmative defenses is denied without prejudice. The motion to quash subpoenas that seek privileged communications is granted. The deadline to complete fact discovery is extended to October 6, 2025; the deadline to complete expert discovery remains October 30, 2025. The Clerk of Court is respectfully requested to terminate the motions at ECF Nos. 54, 56, 62, and 69.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:  July 25, 2025
        New York, New York