**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

BARING INDUSTRIES, INC.,

                      **Plaintiff,**

        -against-

JARED ROSEN, et al.,

                      **Defendants.**

-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/2/2025

24-CV-05606 (AT)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge**:

      On September 30, 2025, the parties attended a discovery conference to discuss several disputed topics identified in Defendants' Amended 30(b)(6) Notice of Deposition. After considering the parties' letter submissions at ECF Nos. 97, 98, 107, and 108, the Court made the following rulings:

- **Topic No. 9** is not struck but must be narrowed. Defendants may only ask about the identity of any lawyers and/or law firms that provided Plaintiff with legal advice relative to the underlying litigation, and when any lawyers and/or law firms were engaged. Defendants, however, are not permitted to ask about the substance of any legal advice provided by said lawyers and/or law firms.

- **Topic No. 24** is not struck but must be narrowed. Defendants are permitted to ask about other mechanics lien(s) and/or lien(s) that Plaintiff has filed against owners of real property between January 1, 2016 and the Start Date of the underlying 2019 litigation. Further, Defendants may only inquire about other mechanics lien(s) and/or lien(s) that Plaintiff filed in New York and Florida.

- **Topic No. 25** is struck. However, Defendants are permitted to seek information specifically regarding any tax write-offs or deductions through written discovery requests. Plaintiff may produce any such documents with appropriate confidentiality designations.

- **Topic No. 26** is not struck but must be narrowed. Defendants are permitted to inquire about any lawsuits Plaintiff has filed in which Plaintiff attempted to foreclose on any mechanics lien(s) and/or lien(s) between January 1, 2016 and the Start Date of the underlying 2019 litigation. Further, Defendants may only inquire about any lawsuits filed in New York and Florida.

- **Topic No. 27** is struck.

- **Topic No. 30** is not struck.

- **Topic No. 31** is not struck. Defendants can explore the topic of any internal analysis or assessment regarding the validity of the mechanic's lien at issue through written discovery requests and/or during Michael Fitzgibbon's upcoming deposition.

- **Topic No. 33** is not struck but must be narrowed. Defendants are permitted to inquire about any work Baring performed on site in relation to the DaDong project, starting in March of 2018 through the end of 2018.

Further, the Court DENIES Defendants' request at ECF No. 112 to compel Plaintiff to produce Barbara Gardner and Todd Boger each for a deposition.

With respect to Defendants' request seeking leave to file a Third-Party Complaint against Conrad & Scherer, LLP, Plaintiff is permitted to file a short response letter of no more than three pages by today, October 2, 2025.

Finally, the parties are again strongly encouraged to consider engaging in settlement discussions. If the parties believe that a settlement conference would be productive, they may contact Courtroom Deputy Diljah Shaw at Diljah_Shaw@nysd.uscourts.gov, with three mutually convenient dates to schedule a settlement conference. Due to the Court's busy calendar, settlement conferences must generally be scheduled at least six to eight weeks in advance. The Court will likely be unable to accommodate last-minute requests for settlement conferences, and the parties should not anticipate that litigation deadlines will be adjourned in response to late requests for settlement conferences.

The Clerk of Court is respectfully requested to terminate the motion at ECF No. 97.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:    October 2, 2025
          New York, New York