UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/10/2025
```

-----------------------------------------------------------------X

BARING INDUSTRIES, INC.,

                        Plaintiff,

     -against-

JARED ROSEN, et al.,

                       Defendants.

-----------------------------------------------------------------X

24-CV-05606 (AT)(SN)

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge**:

    Defendants move for leave to file a third-party complaint against Conrad & Scherer, LLP ("C&S"), pursuant to Federal Rule of Civil Procedure 14(a)(1). ECF No. 113. Defendants claim that an attorney associated with C&S provided Plaintiff with legal advice in support of the appeal in the underlying action and, therefore, Defendants should be permitted to seek contribution against C&S to the extent Plaintiff prevails with this legal malpractice claim. See id. Plaintiff opposes Defendants' request, arguing that "the proposed action is dilatory and not timely or viable." ECF No. 117 at 1. The Court finds that granting Defendants' request at this juncture would unreasonably delay the case and, accordingly, DENIES Defendants' motion seeking leave to file a third-party complaint against C&S.

    A defendant may obtain the Court's leave to implead a third party "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "Although Rule 14(a)'s purpose is to promote judicial economy, achieve consistency of results and avoid circuity of action, the right to implead third parties is not automatic, and the decision whether to permit impleader rests within the sound discretion of the district court." Consol. Rail Corp. v. Metz, 115

F.R.D. 216, 218 (S.D.N.Y. 1987). Relevant factors to the Court's decision whether to grant leave to file a third-party complaint include: "(1) whether the movant deliberately delayed or was derelict in filing the motion[;] (2) whether impleading would delay or unduly complicate the trial; (3) whether impleading would prejudice the third-party defendant; and (4) whether the proposed third-party complaint states a claim upon which relief can be granted." Ye v. Gold Scollar Moshan PLLC, No. 14-cv-7683 (JFK), 2016 WL 7118286, at *2 (S.D.N.Y. Dec. 6, 2016).

The Court finds that the second factor decisively weighs against granting leave to file a third-party complaint against C&S. Defendants filed their motion less than two weeks before the fact discovery deadline. That deadline was previously extended multiple times, and the Court was clear with its last extension that no further extensions would be granted. See ECF No. 81. Granting Defendants' request at this juncture would necessitate reopening fact discovery because Plaintiff and C&S would be entitled to conduct additional discovery related to Defendants' third-party claims. Doing so, however, would create additional and unnecessary delays in this case. The Court, therefore, finds that this concern outweighs any potential benefit to judicial economy from having Defendants' third-party claims litigated in this action.

## CONCLUSION

Defendants' request for leave to file a third-party complaint is DENIED. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 113.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   October 10, 2025
         New York, New York