```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

BARING INDUSTRIES, INC.,

                                Plaintiff,         24-CV-05606 (AT)(SN)

                -against-                          ORDER

JARED ROSEN, et al.,

                                Defendants.
-----------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/27/2025
```

**SARAH NETBURN, United States Magistrate Judge**:

On Thursday, October 23, 2025, Plaintiff filed a letter motion regarding certain deficiencies in Defendants' written responses to Plaintiff's Contention Interrogatories. ECF No. 119. Defendants filed their response on Friday, October 24, 2025. ECF No. 121. Contrary to this Court's order permitting discovery letters to be filed only on Thursdays and Fridays, Plaintiff filed an additional letter responding to Defendants' reply on Monday, October 27, 2025. ECF No. 123.

In light of Defendants' representation that the parties have not fully discussed the outstanding disputes identified in Plaintiff's letter, Plaintiff's motion to compel discovery is DENIED. The parties are ORDERED to further meet and confer on the issues Plaintiff raised in their October 23, 2025 letter, as well as on the issues Defendants raised regarding Plaintiff's responses to Defendants' Contention Interrogatories.

Following the meet-and-confer process, the parties are ORDERED to file supplemental letters identifying any remaining issues by Thursday, October 30, 2025. The parties may file any response letters by Friday, October 31, 2025. The parties are advised though that, generally, this

Court will not compel responses to contention interrogatories that merely seek to "obtain every fact and piece of evidence a party may wish to offer concerning a given issue at trial." Phillies v. Harrison/Erickson, Inc., No. 19-cv-07239 (VM)(SN), 2020 WL 6482882, at *2 (S.D.N.Y. Nov. 4, 2020). Contention interrogatories are not designed to reveal new information to the opposing side but instead "designed to assist parties in narrowing and clarifying the disputed issues" before summary judgment practice or trial. Id. (quoting Kyoei Fire & Marine Ins. Co., Ltd. v. M/V Maritime Antalya, 248 F.R.D. 126, 157 (S.D.N.Y. 2007)). The parties are also reminded of their obligation to meet and confer in good faith and work to resolve discovery disputes on their own prior to seeking judicial intervention. The Court will not entertain premature discovery motions that are raised before the parties reach an impasse on an issue.

Further, on October 23, 2025, Defendants filed a motion for reconsideration regarding Defendants' application for leave to file a third-party complaint. ECF No. 120. Defendants separately filed an objection to this Court's October 10, 2025 Order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. ECF No. 122. The briefing deadlines with respect to Defendants' Rule 72 objection is stayed pending the resolution of Defendants' motion for reconsideration. Plaintiff is permitted to file an opposition to Defendants' motion for reconsideration by no later than Thursday, October 30, 2025. Defendants may file a reply, if any, by no later than Monday, November 3, 2025.

The Clerk of Court is respectfully requested to terminate the motion at ECF No. 119.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   October 27, 2025
         New York, New York