UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

BARING INDUSTRIES, INC.,

                      Plaintiff,

        -against-

JARED ROSEN, et al.,

                      Defendants.

-----------------------------------------------------------------X

24-CV-05606 (AT)(SN)

**OPINION & ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/17/2025

**SARAH NETBURN, United States Magistrate Judge**:

On October 10, 2025, the Court denied Defendants' motion for leave to file a third-party complaint against Conrad & Scherer, LLP ("C&S")[1]. ECF No. 118. Defendants move for reconsideration of the order pursuant to Local Rule 6.3. ECF No. 120. The motion for reconsideration is DENIED.

**I.    Legal Standard on Motion for Reconsideration**

The standards governing a motion for reconsideration under Local Civil Rule 6.3 are the same as those under Rule 59(e) of the Federal Rules of Civil Procedure. See Abrahamson v. Bd. of Educ. of Wappingers Cent. Sch. Dist., 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002). Thus, the Court considers case law arising under both Rules. Sigmon v. Goldman Sachs Mortg. Co., 229 F. Supp. 3d 254, 256 (S.D.N.Y. 2017). The standard for granting a motion for reconsideration is "strict." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Because reconsideration of a court order is "an extraordinary remedy," it must "be employed sparingly in the interests of

---

[1] To be clear, the Court denied Defendants' request for leave to file a third-party complaint in this case. Nothing in the Court's ruling prohibits Defendants from initiating a new plenary action against C&S. The Court further expresses no opinion on the strength or viability of any claim for contribution against C&S.

finality and conservation of scarce judicial resources." Anwar v. Fairfield Greenwich Ltd., 164 F. Supp. 3d 558, 560 (S.D.N.Y. 2016) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). The decision to grant a motion for reconsideration is within the sound discretion of the district court. Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009).

To prevail on a motion for reconsideration, the moving party must demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992)). Thus, motions for reconsideration are not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Survs., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (internal quotation marks and citations omitted); Schrader, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

## II.     Defendants Fail to Demonstrate Grounds for Reconsideration

Defendants do not argue a change in the controlling law or the availability of new evidence. Thus, the Court interprets this motion based on the alleged need to correct a clear error or prevent manifest injustice.

Defendants' initial leave application highlighted the history in obtaining C&S's identification. See ECF No. 113. The Court is, obviously, familiar with this history, including Plaintiff's delay in providing the attorney's name, having addressed numerous applications related to it. See, e.g., ECF Nos. 100, 102, 104. Notwithstanding that delay, the Court denied Defendants' request to file a third-party complaint on the ground that it would unduly delay this

already protracted litigation, including by reopening discovery. Defendants' motion for reconsideration does not demonstrate clear error or that a manifest injustice will result from the Court's decision.

First, Defendants' argument that the third-party claims would not delay this action are unfounded. The fact discovery period is now closed and granting leave to file a third-party complaint against C&S would require reopening fact discovery (and potentially addressing a motion to dismiss). Moreover, considering how litigious the parties have been throughout the discovery process, Defendants' argument that any additional discovery related to the proposed third-party claim would "be very limited" is not credible. ECF No. 130 at 4. In fact, Plaintiff has already indicated its intention to conduct additional depositions and written discovery if C&S is brought into this litigation. See ECF No. 127 at 3.

Second, the Court's ruling does not result in a manifest injustice. Defendants are free to commence a new action against C&S. That action would likely be deemed "related" to this action under Rule 13 of the Rules for the Division of Business Among District Judges. Thus, judges with familiarity of the issues would presumably preside over the new case, but this case would not be further delayed.

Accordingly, Defendants have not established that they are entitled to the extraordinary relief they seek.

## CONCLUSION

Defendants' motion for reconsideration is DENIED. The stay in connection with any objections filed under Federal Rule of Civil Procedure 72(a) is lifted. See ECF No. 124. Defendants may supplement their objection, if they chose to pursue such relief, within seven

days. Plaintiff may file any response seven days thereafter, with any reply letter filed two days after the response is filed.

The Clerk of Court is respectfully requested to terminate the motion at ECF No. 120.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   November 17, 2025
         New York, New York